Sims v. Greenfield & Northern Ry. Co.

## ARCH L. SIMS, Appellant, v. GREENFIELD & NORTHERN RAILROAD COMPANY et al., Respondents.

### St. Louis Court of Appeals, May 12, 1903.

1. **Contract, Suit on: NO RECOVERY THEREON: FAILING OF CONSIDERATION AS CONTRACT WAS EXECUTED.** Plaintiff agreed to pay $100 to the defendant railroad company in consideration that it would extend its line to his town, and have it in running order on a certain date. The road was built and in running order before said date. Afterwards another railroad bought the defendant company outright, and later the purchasing road became a competitor of a third railroad company for a certain business. Afterwards the third railroad company absorbed the purchasing road by a long-time lease, and competition ceased, and no more trains were run over the line of the defendant company. *Held,* that under his contract plaintiff can not recover his $100.

2. ———: ———: **PAROL EVIDENCE INADMISSIBLE TO VARY A WRITTEN CONTRACT.** A written contract unassailed for fraud or mistake, is conclusive on the parties making it, and parol evidence is inadmissible to vary, contradict, add to, or subtract from it.

Appeal from Stone Circuit Court.—*Hon. Geo. W. Thornberry,* Judge.

AFFIRMED.

*Edw. J. White* for appellant.

(1). The record clearly shows that the railroad to which the plaintiff paid his subscription was a competing line of railroad with the defendant St. Louis and San Francisco railroad, and that the latter company leased the line to which the subscription was paid. (2) At the time of the payment of such subscription by the plaintiff, and while said railroads were competing

lines, the Constitution and Statutes of Missouri pro-
vided that "No railroad shall lease, or purchase, or in
any way control, any railroad corporation owning or
having under its control, a parallel or competing line."
Art. 12, sec. 17, Const.; R. S. 1899, sec. 1062.    (3)
"Whatsoever the law annexes as the incident of a con-
tract, whether granting a privilege or announcing a pro-
hibition, is as much part and parcel thereof as though
written therein or indorsed thereon." State to use
v. Berning, 74 Mo. 87; Reeds v. Painter, 129 Mo. 680.
(a)  "Being a Missouri contract, the statute then in
force, with respect to the subject-matter of the contract,
entered into and became a part thereof, as much so as
if copied therein." Cravens v. Ins. Co., 148 Mo. 604.
(b)  "The duty imposed upon railroads by section
2623, Revised Statutes 1889, to construct switch connec-
tions, is as binding upon the road to furnish such fa-
cilities as a personal covenant would be." Railroad v.
Fowler, 142 Mo. 670.    (4)    Not only under the terms
of the lease and the covenants thereof, but by the terms
of the law as well, the lessee, in accepting the lease of the
railroad receiving the appellant's money, assumed all
the liabilities, with respect thereto that existed against
that railroad.    Stone v. Railroad, 116 U. S. 352; 29 L.
Ed. 650; Kinion v. Railroad, 39 Mo. App. 383.    (5)
It was not necessary that it should be a parallel road
to be a competitor for business.    "A railroad, by rea-
son of its relation to other roads, may be a competing
line, with a road with which it is not parallel."    1
Beach Priv. Cor., sec. 331, p. 540; East Line Co. v.
State, 75 Texas 434; Texas & Pac. Co. v. So. Pac. Co.,
6 So. 888.    (6)    If the two roads were "competing"
roads—which the evidence abundantly shows—and the
contract of subscription, with its conditions annexed
by the laws of the State, prevented the consolidation of
such roads, then this condition of the contract has been
violated by the lease introduced and incorporated in
the record; for such lease was a direct violation of this

legal condition of the contract.   Eel River Co. v. State, 57 N. E. 388; Earl v. Seattle Co., 56 Fed. 909; Frazier v. East Tenn. Co., 88 Tenn. 138; Thomas v. West Jersey Co., 101 U. S. 71.

*L. F. Parker* and *J. T. Woodruff* for respondents.

(1)   The building of the railroad in the manner and within the limit fixed by the subscription, was a substantial compliance with the contract, and the money then due having been paid, the road having been operated by the company to which the subscription was made for a period of nearly three years, and by its successors for a longer period, there has been a complete fulfillment of all of the obligations resting upon the initial company, or its successors, and the plaintiff can not recover the amount of his subscription.   Railroad v. Tygard, 84 Mo. 266; Conn v. McCullah, 12 Mo. App. 356; Elizabethton v. Railroad, 22 S. W. 609; Newton v. Coms. of Mahoning, 100 U. S. 548; Railroad Co. v. Marshall, 136 U. S. 393.   (2)   There is no evidence in this case to support the contention that there has been any consolidation between parallel and competing lines of railroads.   Indeed, all of the evidence tends to prove the contrary, but in no event is the plaintiff in a situation to raise that question.   If the various companies defendant are guilty of any acts which violate their charters or the laws of the State, the State and the State only can raise the question; a third party can not do so in a collateral proceeding.   Railroad v. St. Louis, 66 Mo. 250; Hill v. Rich Hill Coal Mining Co., 119 Mo. 31; Martindale v. Railroad, 60 Mo. 510; Kinealy v. Railroad, 69 Mo. 663; Havlin v. Railroad, 79 Mo. 632; Coal Co. v. Mining Co., 161 Mo. 88.

BLAND, P. J.—This suit grew out of what plaintiff alleges to be a violation of the following contract:

"Aurora, Mo., April 11, 1892.

"For and in consideration of the Greenfield and Northern Railroad Company building, extending and completing its said railroad from Mt. Vernon, in Lawrence county, Missouri, to the city of Aurora, in said county and State, and erecting a depot at said last-named city and running their trains on regular schedule for the transportation of freight and passengers on or before the first day of October, 1892, I, the undersigned, agree to pay to said Greenfield and Northern Railroad Company, its successors or assigns, the sum of one hundred dollars as follows, to-wit: One-third of said sum when said road is completed, one-third in three months and balance in six months from date of said completion, with interest from date of said completion, at the rate of six per cent per annum until paid. But in case said company, its successors or assigns, shall fail to complete said road within the time above proscribed then his obligation shall be void. Payable at any bank in Aurora, Missouri.

"A. L. SIMS."

The evidence is that citizens of the city of Aurora, including plaintiff, subscribed $30,000 to the Greenfield & Northern Railroad Company as an inducement for that company to extend its road to the city of Aurora, and that plaintiff and most, if not all, of the other subscribers paid the amount by each subscribed and the road was built into Aurora within the time required by the contract. A depot was established there and regular trains, both freight and passenger, were operated over the road for a time and trains were run from Aurora over this road and its connecting line to Kansas City. The Kansas City, Fort Scott & Memphis railroad, on June 25, 1895, bought the Greenfield & Northern railroad outright, and afterwards the latter road became a competitor of the St. Louis & San Francisco Railroad Company for freight and passenger traffic be-

tween Aurora and Kansas City. But on August 12, 1901, the St. Louis & San Francisco Railroad Company absorbed the Kansas City, Fort Scott & Memphis railroad by a long-term lease, and since the absorption, competition in the carriage of passengers and freight between Aurora and Kansas City has ceased.

The evidence further shows that no passenger trains have been run over the Greenfield & Northern line since its absorption by the Frisco under its lease from the Kansas City, Fort Scott & Memphis road, and that the freight charges on carload lots of live stock between Aurora and Kansas City have been increased from three to four dollars per car. For the reason that competition has been thus destroyed, and for the reason that the depot built by the Greenfield & Northern railroad at Aurora has been entirely abandoned, the plaintiff seeks to recover back the $100 he paid to induce the Greenfield & Northern Railroad Company to extend its line into Aurora.

Plaintiff's contention is that the consideration for which he paid his money, to-wit, to secure competition in railroad carriage between Aurora and Kansas City, has entirely failed by reason of the absorption of the Greenfield & Northern railroad by the Frisco railroad.

One trouble with plaintiff's contention is that his written contract fails to mention the establishment and maintenance of a competing line with the Frisco between Aurora and Kansas City as entering into the consideration for the contract. The truth is, as the evidence shows, that the Frisco did not at the date of the contract have any line of road running into Kansas City and was not a competing carrier for either freight or passengers between Aurora and Kansas City and it was not known at that time that it ever would be, hence, it is not possible that the notion of securing the line as a competing line with the Frisco between Aurora and

Kansas City could have been entertained by either party to the contract.

Another trouble that confronts the plaintiff is that his contract was reduced to writing. It is a plain and unambiguous contract, and the conclusive presumption is that the writing expresses the final result of the negotiations between the parties and is the result of the entire treaty, and expresses all of the terms that were finally agreed to. So long as this contract stands unassailed for fraud or mistake, it is conclusive on both parties and verbal testimony is inadmissible to vary, contradict, add to, or subtract from its terms. Plaintiff agreed to pay $100 in consideration that the Greenfield & Northern Railroad Company would extend its line of railroad to Aurora and have it in running order on or before October 1, 1892. Plaintiff proved that the road was built and in running order before the first day of October, 1892, therefore, he got all he contracted for and the court properly instructed the jury that he was not entitled to recover.

The judgment is affirmed. *Reyburn* and *Goode, JJ.,* concur.